## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ROBERT JOELY WHITE, DEBTOR**                                        **APPELLANT**

**v.**                                              **CIVIL NO. 1:18-CV-66-HSO-JCG**

**UNITED STATES TRUSTEE**

**COMMUNITY BANK, COAST**                                  **INTERESTED PARTY**

## ORDER DISMISSING APPEAL

This matter is before the Court sua sponte.  After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that Appellant Robert Joely White's appeal must be dismissed.

## I.  RELEVANT BACKGROUND

This matter arises out of a bankruptcy proceeding, Case No. 17-50600-KMS, in the United States Bankruptcy Court for the Southern District of Mississippi.  On January 26, 2018, Chief United States Bankruptcy Judge Katharine M. Samson entered an Order dismissing the bankruptcy case.  Order [1-4] at 1.

On February 26, 2018, Appellant Robert Joely White ("White") filed a Notice [1] of Appeal of the Order of dismissal in the bankruptcy court.  Thereafter the Bankruptcy Clerk filed the Notice of Appeal in this Court on February 26, 2018. *See* Notice of Appeal [1] at 1; Bankruptcy Court Clerk's Letter [1-1] at 1-2; Bankruptcy Court Docket [1-3] at 34.  On February 27, 2018, White filed a Motion [3] to Stay and a Motion [4] for a Temporary Restraining Order in this Court.

Responses to these Motions have been filed by the United States Trustee, Response [5], and Community Bank, Coast, Responses [10] [12].

## II. <u>DISCUSSION</u>

A.  <u>Legal Standard</u>

A district court has appellate jurisdiction to review a bankruptcy court order pursuant to 28 U.S.C. § 158(a)(1), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). When sitting as a federal appellate court, a district court has a "special obligation" to consider its jurisdiction. *Smith v. Gartley (In re Berman-Smith)*, 737 F.3d 997, 1000 (5th Cir. 2013).

An appeal from a bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1).

The United States Court of Appeals for the Fifth Circuit has held that this 14-day time limit is jurisdictional because "the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be

filed under the time limit provided in Rule 8002." *Smith,* 737 F.3d at 1003. The failure to timely file a notice of appeal in a bankruptcy case deprives both a district court and the Fifth Circuit of jurisdiction. *In re Dorsey*, 870 F.3d 359, 362 (5th Cir. 2017).

When a district court is tasked with making a determination as to whether to dismiss a notice of appeal due to errors contained in a notice of appeal,

> [t]he general policy of the Fifth Circuit is to be "'lenient' in interpreting notices of appeals, and [to maintain] 'a policy of liberal construction ... where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" *In re Blast Energy Services, Inc.,* 593 F.3d 418, 424 n.3 (5th Cir. 2010) (quoting *C.A. Marine Supply v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir. 1981)). The test for whether a court should consider appeals on issues or orders not clearly indicated in the notice of appeal is whether: (1) "the intent to appeal a particular judgment can be fairly inferred, and (2) . . . the appellee is not prejudiced or misled by the mistake." *In re TransAmerican Natural Gas Corp.,* 978 F.2d 1409, 1414 (5th Cir. 1992) ("If there is an error in designating a judgment appealed, the error should not bar an appeal if the intent to appeal a particular judgment can be fairly inferred, and if the appellee is not prejudiced or misled by the mistake.").

*Colvin v. Amegy Mortgage Co.*, 537 B.R. 310, 313-14 (W.D. Tex. 2015). However, "timely filing of a notice of appeal is a jurisdictional prerequisite" and for that "prerequisite to maintain its jurisdictional teeth" a district court should not accept a party's argument that a notice of appeal stands for the opposite of what it says. *In re Dorsey*, 870 F.3d at 363 (internal citations omitted).

B.    <u>Analysis</u>

White's Notice of Appeal [1] was filed on February 26, 2018, thirty-one days after the entry of the Bankruptcy Court's January 26, 2018, Order.[1]  White's appeal is untimely and must be dismissed for lack of jurisdiction.

## III.  <u>CONCLUSION</u>

Appellant Robert Joely White's appeal will be dismissed for lack of jurisdiction.[2]

---

[1]  The Court notes that White did file in the Bankruptcy Court a Motion for an Extension of Time to File Notice of Appeal, Bankruptcy Document [293].  The record reflects that the Motion has not been ruled upon and that a hearing had been scheduled in the Bankruptcy Court for 1:30 p.m. on February 28, 2018.  However, Rule 8002(d)(2)(A) provides in pertinent part that a bankruptcy court "may not extend the time to file a notice of appeal" if the order "grants relief from the automatic stay under § 362 . . . "  FED. R. BANKR. P. 8002(d)(2)(A).  Since the Bankruptcy Court Order dismissed White's bankruptcy case, it lifted the automatic stay.  *See Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693 (2015) ("dismissal lifts the automatic stay entered at the start of the bankruptcy")); *Swiatkowski v. CitiMortgage, Inc.*, 478 F. App'x 704, 705 (2nd Cir. 2012) (holding that a party cannot seek an extension of time to file an appeal from an order that grants relief from the automatic stay under 11 U.S.C. § 362)).

[2]  White also failed to: (1) comply with Bankruptcy Rule 8003 and attach a copy of the Order being appealed; or (2) provide a statement of the issues and the record on appeal. These constitute additional grounds for dismissal.  *See In re Dorsey*, 870 F.3d at 363-64.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Appellant

Robert Joely White's Notice [1] of Appeal is **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 28th day of February 28, 2018.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE